1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **EASTERN DISTRICT OF CALIFORNIA**
10

11    JORGE ZARAGOZA,                      | No. 1:23-cv-00829 JLT CDB
12                    Plaintiff,             | ORDER GRANTING UNOPPOSED MOTION
                                            | TO DISMISS AND DIRECTING CLERK OF
13          v.                              | COURT TO CLOSE CASE
14    CAPITAL ONE SERVICES, LLC,            | (Doc. 7)
15                    Defendant.
16

17          Jorge Zaragoza, proceeding pro se, filed a complaint in Kern County Superior Court on

18    April 13, 2023, asserting a claim under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681,

19    et seq. (Doc. 1-1.) Capital One, N.A.[1] timely removed the case to this Court on May 30, 2023.

20    (Doc. 1.)

21          Defendant moves to dismiss Plaintiff's complaint, first arguing that although it is a

22    "furnisher" of information, there is no private right of action for the violation alleged under

23    section 1681s-2(a). (Doc. 7.) Defendant cites case law supporting its position. (*See id.* at 7 [citing

24    *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002) ("Congress

25    limited the enforcement of duties imposed by § 1681s-2(a) to governmental bodies."); *Corby v.*

26    *Am. Exp. Co.*, 2011 WL 4625719 (C.D. Cal. Oct. 5, 2011) ("It is well-settled, however, that there

27    ─────────────────────

28    [1] Defendants assert Plaintiff erroneously sued Capital One, N.A. as "Capital One Services, LLC." (Doc. 7 at 3.)

                                            1

is no private right of action for violations of § 1681s–2(a)"); *Sui v. Southside Towing*, 2011 WL 2940990 (C.D. Cal. July 18, 2011) ("No private right of action exists to enforce the obligations imposed on furnishers of information under subsection (a).")]; *see also id*. at 8 [citing *Pineda v. GMAC Mortgage, LLC*, 2009 WL 1202885 * 4 (C.D. Cal. 2009) (court dismissed the consumer's credit reporting-related cause of action because the FCRA does not permit a private right of action based on a consumer's allegation that a creditor provided inaccurate information to a credit reporting agency)].)

      Defendant also argues that while section 1681s-2(b) *does* provide for a private right of action, to state a claim, a consumer must allege that "1) the furnisher provided inaccurate information to the credit reporting agency ('CRA'); 2) the CRA notified the furnisher of a dispute; and 3) the furnisher failed to conduct a reasonable investigation into the accuracy of the disputed information, in light of the information provided to it by the CRA." (Doc. 7 at 8-9 [citing cases].) Defendant asserts Plaintiff failed to allege (1) that a CRA notified Defendant of a dispute, and (2) whether Defendant conducted a reasonable investigation. (*Id*. at 10.) Accordingly, Defendant seeks dismissal of the complaint for failing to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*Id*. at 10-11.)

      Defendant's motion to dismiss was filed on June 6, 2023. (Doc. 7.) Pursuant to Local Rule 230(c), any opposition was due June 20, 2023. No opposition was received. Therefore, the Court deems the motion unopposed. *See* L.R. 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."). Considering the non-opposition and for the reasons set forth in Defendant's motion, the motion to dismiss is **GRANTED**. The Clerk of Court is directed to enter judgment in favor of Defendant and close the case.

IT IS SO ORDERED.

  Dated:  __**June 27, 2023**__

                                 UNITED STATES DISTRICT JUDGE